Dear Mr. Wall:
We are in receipt of your request for an Attorney General's opinion regarding address confirmations at the polls received by the registrar after a primary election. Your letter states:
 The registration records shall close thirty days prior to an election. The registration deadline for the November 17, 2001 General Election was Wednesday, October 17. Address confirmations at the polls were completed on October 20, after the close of a registration deadline. Louisiana R.S. 18:196 (C) (1) states that the Registrar shall transfer to the active roll and make necessary corrections in the registrant's record.
 Should we make the necessary changes to the record of an inactive voter that completes the address confirmation at the polls and votes in a primary election, prior to the general election?
 We have numerous changes that directly relate to this issue. Our precinct register should be ordered and delivered timely for absentee voting, which starts November 5, 2001. Considering the time constraints, I would appreciate a prompt reply.
Under LSA-R.S. 18:196, the Election Code provides for the listing of names of registrants on an inactive list of voters, which consists of registrants who have been mailed an address confirmation card. Those registrants on the inactive list of voters are eligible to sign a petition, and the signature is sufficient to return the registrant to the official list of voters, which either confirms the continuation of an address or acts as written confirmation of a change of address for the registrant. Additionally, a registrant on the inactive list of voters may vote, as follows:
 (1) At the polling place of the registrant's last address, if he has not changed residence, upon affirming in writing by completing an address confirmation card affirming that he still resides at the address on file at the office of the registrar.
 (2) At the polling place of the registrant's last address, if he has moved to an address within the parish in the same precinct, upon affirming in writing that he resides in the precinct by completing an address confirmation card affirming the new address within the precinct.
 (3) At the polling place of the registrant's last address for that election only, if he moved to an address within the parish in a different precinct, upon affirming in writing that he still resides in the parish by completing an address confirmation card affirming the new address within the parish.
 (4) At the polling place of the registrant's last address for that election only, if he has moved to an address outside the parish, upon affirming in writing that he has moved within the last three (3) months and no longer resides in the parish by completing an address confirmation card affirming the new address outside the parish and the length of time since the move has not exceeded three (3) months.
Therefore, if a registrant whose name is on the inactive list of voters appears at the polls and votes in accordance with either (1), (2) or (3) above, the law mandates, "[t]he registrar shall transfer the registrant's name to the official list of voters and make any necessary corrections in the registrant's registration records. If the registrant appeared at the polls and confirmed that he has moved outside of the parish [(4) above], the registrar shall cancel the registration of such registrant." R.S.18:196 (C) (1). Additionally, the law requires the registrar to consider an executed affidavit on an absentee ballot envelope as an address confirmation when a registrant whose name appears on the inactive list of voters has voted absentee. The registrar is mandated to transfer said registrant's name to the official list of voters and make any necessary corrections to the registration records as well.
Further, the law provides for the registrar to transfer the registrant's name to the official list of voters prior to the general election and to make any necessary corrections in the registration records when a registrant whose name appears on the inactive list of voters has returned an address confirmation card to the registrar that was received after the close of books prior to a primary election.
We understand your concern with R.S. 18:135, which provides for the close of registration records thirty days prior to an election, with no entries or changes to be made, except as follows:
 135. Close of registration
 A. Registrars shall close the registration records thirty days prior to an election. However, if the deadline falls on a legal holiday, the registrars shall close the registration records on the first day after such holiday which is not a Saturday, Sunday, or other legal holiday.
 B. Except as otherwise provided by law, no entries or changes in the registration records shall be made thereafter except:
 (1) To carry into effect at any time prior to the date of the election an order of a court in the case of an application and appeal heard and determined as provided for in this Title.
 (2) Repealed
 (3) To effect cancellations and erasures as required or authorized by this Chapter.
 C. Except as otherwise provided by law, while the registration records are closed as required by Subsection A of this Section, registrars shall accept any application for registration, change of address, change of party affiliation or nonaffiliation, change of name, or application for any other lawful entry or change in a registration, but none of these shall be effective until at least the day after the election has been held. (Emphasis added).
We are of the opinion that the mandate in R.S. 18:196(C) to the registrar to transfer a registrant's name to the official list of voters upon the registrant voting and signing an address confirmation card in accordance with law is an exception to R.S. 18:135's prohibition against making changes in the registration records after they are closed prior to an election. R.S. 18:135's language, "except as otherwise provided bylaw" allows the changes in R.S. 18:196 to be made to the registration records after the close of the books and the primary election so that the registrant appears on the official list of voters for the general election. This is the same as subsection (C) (3)'s [R.S. 18:196] procedure of placing a registrant on the official list of voters for the general election when the registrant has returned an address confirmation card that was received after the close of books prior to a primary election, and thus, we believe our opinion herein is consistent with the legislative intent of the law.
We hope this information is helpful and addresses all of your concerns. If we can be of further assistance, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ____________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb
Cc: Hon. W. Fox McKeithen Hon. Suzanne Haik Terrell
Date Released: November 8, 2001